All right, we're ready to hear argument in our second case, North Carolina Insurance Guaranty Association v. Becerra. Mr. Blake. Morning, Your Honor. My name is Chris Blake of the North Carolina Bar. I'm here today on behalf of the appellant, North Carolina Insurance Guaranty Association. The NCIGA is a statutory entity created by the North Carolina General Assembly and is intended to be a recovery source of last resort following the insolvency of certain insurance companies. The NCIGA commenced this declaratory judgment action before the district court that is the subject of this appeal, seeking a judicial declaration on a pure issue of law. Whether the NCIGA is a primary plan for purposes of Medicare secondary payer reimbursements under the Medicare Act or whether the NCIGA is an applicable plan for purposes of Section 111 reporting under the Medicare statutes. Substantive determination on this legal issue has been reached by both the Ninth and the First Circuits, and the NCIGA simply seeks an opportunity to have that legal issue decided in this circuit. What about the Seventh Circuit? The Seventh Circuit has... In Illinois Guarantee Fund v. Becerra. The Seventh Circuit considered an appeal that is postured just like our appeal is today before this court. The Seventh Circuit has not reached the substantive issue. The Seventh Circuit essentially considered the exact appeal that's before you this morning. And they said they couldn't hear the exact appeal that we have before us. That's correct. And we believe that the Seventh Circuit was incorrect in reaching that conclusion. Why were they wrong? They were wrong because what I believe the Seventh Circuit failed to do in that case was make a distinction between two aspects of the NCIGA's claim that were brought before the district court. The first part of the NCIGA's claim deals with the question of whether or not the NCIGA is obligated as a primary plan to reimburse Medicare for secondary payments that are made. The second part of the NCIGA's claim deals with the obligation to comply with Section 111 reporting requirements and the significant burdens and expenses that go along with that compliance. So the Illinois case only dealt with Section 111 reporting. The Illinois case did not involve the first part of the claim, which is, are we obligated as a primary plan to reimburse Medicare? The other thing that the Seventh Circuit did that I believe was incorrect was... Well, doesn't the NCIGA step in when an insurer is insolvent? Is that when they step in? That's correct. Well, in that instance, then, don't they, in essence, stand in the shoes of the insolvent insurer making them, okay, why not? They do not, because under North Carolina state law, and it's a provision in the Guarantee Act, which is the governing statute for the Guarantee Association. It says there that the Guarantee Association is deemed the insurer to the extent of covered claims. Covered claims are a defined term in the governing statute. And so the North Carolina Court of Appeals decided in 1984 in a case that the Guarantee Association is not the legal successor to the insolvent insurance company. The way insurance insolvencies work under state law, when an insurance company becomes insolvent, the commissioner of insurance of the state where the company is domiciled becomes the liquidator. That is the successor to the insurance company. Guarantee associations step in to pay statutorily defined covered claims, but they are not the successor to the insurer, and they are not deemed the insurer for all purposes. They are deemed the insurer to the extent of covered claims. Correct. Mr. Blake, can I take a step back? So in your complaint, you identified a whole bunch of federal statutes that created subject matter jurisdiction in this case. But on appeal, I feel like the number has narrowed. So for my purposes, can you just tell me what statutes are you claiming create federal subject matter jurisdiction in this case? It is the Medicare statutes because we can't bring a claim, even though we're a state-created entity, we can't bring a claim against Medicare in state court. Okay. But then the Medicare statutes say if you want to sue under the Medicare statutes, you have to do a whole series of things. So I guess let me just give you a chance to react to the supposition that you're trying to have your cake and eat it, too. You're trying to sue under the Medicare statute without complying with the requirements that the Medicare statute says you have to comply with in order to sue under the Medicare statute. And so let me try to address that question from the court. And I'll start by acknowledging that the pathway for the Guarantee Association to establish subject matter jurisdiction at this stage under the Medicare statutes, I will concede is a narrow one. But it is not an impossible one. Okay. And the way that I see that the Guarantee Association has a pathway through that narrow exception that the courts have recognized is the following. And I point to one of the things that the government argued in its brief at page 7, where it cited to 42 CFR section 405.924B6, which says that a primary plan may seek administrative review of the amount or existence of the Medicare secondary payer recovery claim or reimbursement claim. So first part of that, are we a plan? And that's the primary argument that we're making, that we are not a primary plan, consistent with the decision in the Ninth Circuit, that we're not a primary plan. And because those administrative procedures that you're referring to, Your Honor, apply only to primary plans, if we were to have to invoke those procedures, we would essentially have to concede that we were a primary plan. And that would create issues. Well, you wouldn't have to concede. It would be if the government took the position you were a primary plan, you could then contest the government's. And then did something to you, whether it tried to recoup money from you based on the assertion you were a primary plan or tried to sanction you for violating reporting requirements on the theory that you're a primary plan. Then you could resist on the grounds of, no, I did not, in fact. So I don't understand how that helps you. But then you look at the rest of the statute that we can seek administrative review of the amount or existence of a claim. Right, and your view would be the existence is zero. Our complaint before the district court doesn't challenge the amount or existence of the claim. What we challenge is the first part of that is, are we a primary plan that is subject to the statutes? Well, then I guess this gets us into the standing issue, which is that courts don't have jurisdiction to answer abstract legal questions. I mean, I know you might like to know, but there's a lot of legal questions that I might like to know the answer to. That doesn't mean I can file a lawsuit until someone actually does or threatens to do something concrete to me based on that. This is not an abstract question. And it goes to the question of standing and whether there was an allegation, sufficient allegation of an injury in fact. With respect to the Section 111 report, OK, the way that the Medicare statutes work in the real world, Section 111 reporting is how a private insurance company would report to Medicare information about payments that it made to potential Medicare beneficiaries. The insurance company makes these payments. They may not know whether the person is over 65, whether the person is disabled, but they have to report all of this data and information to Medicare. Medicare then uses that data to identify those payments for which they might want to seek reimbursement. And so the Guarantee Association complies with the Section 111 reporting because of the potential that if they don't do the reporting, they could be exposed to fines and penalties. And as a law abiding entity created under state law. Well, could they actually be exposed to fines and penalties right now when there is no penalty structure? The statute provides for those. No, but I mean, in the real world right now, is there any actual risk of being exposed to fines and penalties? I can't say that there's no risk. How could the agency sanction you? There's no penalty regime right now. The statute provides for those penalties and sanctions right now. So is there an option for the Guarantee Association to simply say? So is your alleged injury compliance that may result in potential penalties? Is that your injury? It's the combination of the burdens and expense, the administrative burdens and expense on the Guarantee Association to comply. And where is that best addressed in your complaint? It is addressed in our complaint. Yeah, I know. Where? I don't know that it is. That's why I'm asking. Where is that allegation in your complaint? I don't have the complaint in front of me, Your Honor. I don't know the specific. Is this case about the dismissal of your complaint or not? And you don't have the complaint in front of you? Okay. I apologize. Okay, well, I do. So maybe I'll keep looking for that. We alleged in our complaint that we incur the administrative burdens of complying with Section 111 reporting. And that allegation, we believe, is sufficient in light of the decision of this court in the Chambers case, which is the case decided by this court where it was alleged that the plaintiff was incurring costs to monitor the laws of other states to avoid violation of a blacklisted provision. It's also consistent with the allegations that this court found in the Liberty University case in lieu in which Liberty University plausibly alleged that it may well incur additional costs because of the administrative burden of assuring compliance with the employer mandate under the Affordable Care Act. The government in this case doesn't deny that the NCIGA complies with Section 111 and does not dispute in its brief that the NCIGA has incurred and will continue to incur costs associated with Section 111. The only argument is that somehow the allegations were insufficient, which we believe is inconsistent with this court's decisions in Chambers in lieu that found similar allegations of incurring costs and burdens to comply with federal statutes were sufficient to allege an injury in fact. Mr. Blake, just putting aside the standing issue for a moment, let's say you have standing. Again, how do we get jurisdiction given the language in the statute? Where's the final decision from the agency? How does your claim circumvent the issue under Section 405? I believe it can do it in two ways, Your Honor. We cited in our case the decision of the Supreme Court in Boeing v. Michigan Academy, which is one of the cases that recognized that there is this narrow exception to the requirement, the channeling requirement that all disputes under the Medicare statute have to go through the agency. In that case, there was a challenge to calculating benefits under Medicare Part B. And at the time that action was brought, there was no avenue through the administrative appeals for challenging regulations, calculations under Part B, only a pathway to challenge calculations under Part A. And in that case, the court said that there, because there was no avenue for administrative appeal, that that claim could proceed. Similarly here, under Section 111, there currently, and the government doesn't dispute this, there currently is no appeal process under which somebody can challenge Section 111 reporting requirements. Well, there's no way to challenge it because there's no way for the government to sanction you for not doing it. The statute, Your Honor, even though they have current rulemaking concerning when those fines and penalties might be imposed, the statute currently does have provisions that provide for fines and penalties for noncompliance. And in the face of those statutory provisions, you leave my client, potentially leaving my client faced with a Hobbesian choice, either continue to comply, continue to incur, or necessarily expose yourself to the potential for the risk of noncompliance. And the government, I believe, Your Honor, I would submit to you, it is an unlikely scenario that if we suddenly stop complying and simply stop submitting the reports, that we're never going to hear from the government. Because those reports are how the government identifies these potential secondary payments to begin with. Well, okay. So on this issue of 405H, is there any, I guess what I'll say is, I mean, I'm just looking at the statute right now. So you've told me that this case, I guess I said, I asked you, where does subject matter jurisdiction come from? You said the Medicare statute, which means this is a claim arising under the Medicare statute. And then in H, it says, no action against the United States, the Commissioner of Social Security, or any officer or employer thereof shall be brought under Section 1331 or 1346 to recover on any claim arising under this subchapter. So that says you can't sue under any, once your claim arises under Medicare, you can't sue under any statute other than this statute. And this statute tells you, you have certain preconditions to sue under the statute, which we concede you don't meet. So I'm just not sure how we do this. And it's because the Supreme Court has recognized this narrow exception that I cited to in the Bowen versus Michigan Academy case, where there is no avenue for appeal, then they allow for the claim to come directly to federal court. For Section 111, there is no avenue for appeal. If we want to raise a challenge that we're not obligated to comply with Section 111, there's no way for us to come to the Medicare appeal process and challenge that. But I guess this circles back to my original point. There isn't subject matter jurisdiction just because you want to raise a challenge. There's subject matter jurisdiction, if it exists at all, to raise concrete legal claims. I guess I know we're running low on your opening argument. Is there any other choice? In order to rule for you on that point, is there anything we could do other than simply saying the Seventh Circuit is dead wrong? I mean, is there any material way in which your claim is different than the one the Seventh Circuit rejected? The material way is the second part of addressing the 405H exception, which goes to the first part of the Guarantee Association's claim, which challenges the right to seek reimbursement of a secondary payer reimbursement. And we cited, too, the decision of the D.C. Circuit and Council for Urological Interests, and in that case, the D.C. Circuit considered the failure to provide administrative remedies for non-Medicare providers. There was a way that that case was situated. There was a party who wanted to challenge something, right? There was a pathway through the appeal process for doing it. But the court considered that what do we do when there's an avenue for administrative review of a particular claim but not, quote, by the category of affected parties who wish to bring the claim? And we look at that case and cite that case as support for our position that we are in the same position as that party. We are not, as a State Insurance Guarantee Association, we are not in the category of primary plans that's obligated to reimburse Medicare. And that case allowed that party to bring that action in federal court, notwithstanding 405H. And we believe we fit within that decision and our claim should have been allowed to proceed. All right. Thank you. Have some time on rebuttal, Mr. Blake. Mr. Fowler? Thank you, Your Honors. My name is Blake Fowler. I represent the interest of the United States in this matter. As the court's questions have already indicated, there are two primary issues here. The first issue is whether the district court correctly decided the NCIGA did not have standing because they had not properly alleged their injury. The second issue, and the stronger argument I will tell you, is that the district court correctly decided the Medicare Act precludes federal question jurisdiction because there's no statutory basis for the relief they seek. As the court's aware, there must be channeling, exhaustion. There is an avenue for appeal here in this case. The cases cited by the appellants here are not applicable here because in those cases there was not an avenue for appeal. Here, there clearly is a court-level avenue of appeal. And we, in fact, footnoted that there are some that are already ongoing. It's not part of the record. But just so you know, it's not just theoretical. There actually are avenues of appeal to pay the amount additionally and then challenge whether or not they can do this. Well, there certainly are avenues of appeal to the extent that you ask them for money. And it seems that there's clearly avenues to appeal to the extent you ask them for money. But what about their claim of the interim effect of not even knowing, right? So they basically say, look, Medicare refuses to tell us whether they think we're covered or not. If we're covered, we have to submit these reports. And if we don't submit these reports, bad things can happen to us under the statute, which means that we're doing what any rational business would do. We're expending money to comply with those reporting obligations, which we don't think we have to do, but Medicare refused. What is their avenue for challenging the sort of interim effect of Medicare's refusal to give them a straight answer about whether Medicare thinks they're covered? There is an answer coming, Your Honor. The first level appeal, they pay the amount conditionally. No, no, no. I'm not talking about Medicare sends them a bill. I'm talking about in the period where they don't know if Medicare is ever going to send them a bill. How can they challenge that? Well, the Medicare statute, Your Honor, does not allow them to challenge things theoretically. Your questions already went to that point. They cannot challenge that just because they're curious, because they want to know the interim. Say that I'm the general counsel to a company, and it says, look, if we are a primary plan, we are required to submit these reports to Medicare. And if we are a primary plan and we don't submit these reports to Medicare, bad things can happen to us. So it's a really important thing to figure out whether. And of course, submitting these reports isn't free. It's going to cost money to submit these reports. And so the counsel says, I don't know, should we submit the reports? And the lawyer says, well, I don't think you're actually a primary plan. I don't know that you're getting anything wrong regarding giving them advice about their best course of conduct. The issue for the court, though, respectfully, Your Honor, is whether they have jurisdiction to bring this case. But I completely understand their interest in getting an answer to this. There's a pathway for them to getting an answer. They have to allege it in the complaint, which they haven't done. There's not a standing. Alleged what? What do they have to allege? Alleged actual injury. What the reporting. Initially, Your Honor, they argued that there were penalties. There are not penalties. There have not been penalties. There will not be penalties. They allege there are burdens and expenses. I think that's what he says. Burdens and expenses. I don't know what it's attached to, but. Absolutely. The standing argument, in theory, could be cured if they did it properly. They have jurisdiction to do that. But I don't think they have jurisdiction to do that. They have not. The district court was correct in that. But they cannot cure the jurisdictional argument, Your Honor, because they have to channel it. They have to exhaust it. There has to be a final decision by the MAC, the Medicare Appeals Council. That is the Secretary's decision. They talk about what has been conceded and what's been done. All of that is at the preliminary levels. The MAC makes the decision. MAC, the Medicare Appeals Council, makes the decision for the Secretary. That decision has not been made. We don't know what that decision will be. In the cases that they've relied upon, where they say there's already been a decision, it was totally a different structure. As I said to your friend on the other side, I agree with you that the language of the statute, the jurisdiction language, is sweeping. It's absolutely sweeping. But your friend on the other side is right that the Supreme Court seems to have said, well, the language is really sweeping, but under certain circumstances, the language doesn't necessarily mean exactly what it says. Where there's not an appeal right. Those cases are all where there's not an avenue for appeal. Here, there is an avenue for appeal. Well, an avenue appeal. I think part of the problem we're having is an avenue appeal of what? I mean, I agree with you that there are, so to the extent you send them a bill, there is an appeal right. Totally agree with that. But to the extent they just say, that hypo again, the general counsel, to the extent they just say like, no, no, no, the thing I don't know is whether I'm covered and no one will give me an answer and there's no way to find out, what is their avenue for appeal there? There's a conditional payment. No, no, no. Medicare has not sent them a bill. The whole point is that Medicare hasn't sent them a bill, so they don't know if they have to report them. I'm not addressing the penalty question, but there's a payment. If there is a secondary payer situation, where your insurance company has gone bankrupt and you're making those payments, at that point, you're obligated to also make the payment. You make that payment conditionally and you challenge it up to four levels that we've talked about, Your Honor. That, in fact, has happened. That has happened, footnote six, Your Honor. They can pay that and make a conditional payment and argue that and take that up. Part and parcel for that payment is, we also challenge- Footnote six of what, I'm sorry? Our brief, Your Honor. My apologies. We specifically note that there have been some first level and there's actually been one all the way to the ALJ level where they raised this issue. Another party, you mean? Not this- NCIGA has raised it, Your Honor. Counsel opposite from me has made that argument. Was that before the district court? It was not before the district court. I bring it to your attention as an example where they can seek administrative review. And we footnoted it, but it's not part of the record job. But it's not just theoretical. It actually is an appeal possibility for them up through the levels. And if they do that, they'll get a MAC decision. At that point, they do get their ticket to district court and they can challenge it. So that defeats all of their jurisdictional arguments. There's an exception here. If they have a possibility- So your view is that under that appeal, they can say- your friend on your side quotes the regulation that says a primary plan can challenge either the amount or the any payment. So you think it would be open to them during that appeal to say the amount of the required payment is zero because under a proper construction of the Medicare statute, we are not a primary plan. And so the number is zero. Absolutely. Part and parcel of their conditional payment can be a challenge to whether they're a primary plan or an applicable plan. And there's not a distinction there as far as the reporting requirement and theoretical. And is there some preclusive effect? So say they get a bill. Again, I'm simplifying a lot. Say they get a bill for Medicare and they challenge it. And they challenge it on the grounds, I am not a primary plan. And in that adjudication challenging that one particular payment, there is a conclusion within the agency that they are not a primary plan. Does that have some sort of preclusive effect? Like once someone within the agency were to tell them you're not a primary plan, can they go forth and rely on the assumption that they're not a primary plan? Not the first person, Your Honor. Sure. It has to be the forerunner. I imagine if the government loses that, they might appeal that to somebody else. Max says that. That's the decision of the secretary. At that point, that becomes preclusive for not just NCIGA, but it would be a larger issue. As you know, we don't challenge the one in California, the CEGA case, because in that case, there was no appeal right. That happened before the regulations were in place where they could appeal it. So that is an exception for them because of the unique timing of that. However, since then, in fact, within months of that, there was an appeal right where they can challenge this. There's not been a final decision for NCIGA. Mr. Feller, I understand that the administrative appeal that you talk about in footnote six that you directed us to is not a part of the record, but couldn't we take judicial notice of that? It's an administrative appeal. And I checked this week. It's not published yet, but there is an ALJ decision that will be published, we believe, at some point that specifically addressed the issues raised and specifically referenced this litigation. But the appeal being taken at all, we could take judicial notice of that? Yes, Your Honor. So it's not theoretical. They can, in fact, take an appeal. Once they go through that process, they will get a final decision, and that would be appealable. Channeling only requires that you exhaust the administrative remedies. It's not precluding they're getting a judicial review. I mean, the secretary will make a decision. The secretary will have a decision that's appealable to a district court. And at that point, they establish jurisdiction. At that point, the court certainly could review that decision, but it's premature at this point. The whole point of channeling and all the requirements of the case law and the statute is to create an orderly system so that the secretary can properly make these decisions instead of every provider, every entity in the country asking for theoretical answers. As you said, Your Honor, you can't have your cake and eat it too. If they're asking the question, they've got to wait. You can't have it both ways. They have asked the question. There is an appeal process. They have to wait for that decision and take it through the channels in order to get their ticket to district court and jurisdiction, Your Honor. What is the status of this seemingly interminable rulemaking? I wish I knew, Your Honor. What's the last thing that happened? The penalty regulations are still in process. I don't have anything to provide for, Your Honor. But the key to that is they have stated, and it's very clear in the briefs and we can't change from that position, that there will not be penalties until there's a final rule. So there's no danger of penalty. The only potential injury here is the administrative burden of filing these reports. So there's no penalty issue and, you know, that's unfortunately the situation, Your Honor. Thank you. Thank you. All right. Mr. Blake, you have three minutes. And I misspoke. I have a copy of the complaint. Okay, good. So where is your injury, in fact, best addressed? It is addressed in paragraph 39 of our complaint. All right. And in paragraph 39, I found that as well. Paragraph 39 doesn't say anything about compliance. Well, it references that the... It does reference burdens and expenses. Those burdens and expenses, Your Honor, those associated with the Section 111 reporting. And if for some reason that allegation was insufficient... And that relates back to paragraph 38, the Section 111 reporting. Yes, Your Honor. All right. And I would submit that if that allegation was deemed somehow insufficient, the more appropriate remedy for the district court, if that was the concern and that was the basis of the dismissal, was to grant us leave to amend, which we would have added. We could have expanded upon that, but we didn't think it was necessary, and we submit that it is sufficient. Did you seek leave to amend? No, we didn't, Your Honor. We filed a complaint. They filed a motion to dismiss. It was briefed, and it was decided by the court. I know, but if you thought you could allege new facts that would have satisfied the district court, why didn't you seek leave to amend? The district court's decision had been made, Your Honor. We would have had to file a motion for reconsideration of some kind, and we did not do that. Could I ask you about a question that came up with your friend on the other side? All right, so this question about how you could challenge this, I have been meaning to ask you about this statement on pages 15 to 16 of your brief, where you say, rather, the government's position is simply that the claims must be channeled through the administrative review process in connection with the dispute over a specific reimbursement request. This is the language that I want to highlight. The government is well aware that such requests have and will continue to be made. Doesn't that just concede you would have a way of challenging this? You have represented to us in your brief that the government has requested a reimbursement. If they've requested a reimbursement, you can challenge it under the Medicare statute, and they get judicial review of that. And the government calls this a circular argument, and it circles back, I believe, against them. Notwithstanding the request for reimbursement, our issue, as stated in our complaint, goes back to the very first part of the statute. Are we a primary plan? Right, and you could say the reason that I don't have to pay this reimbursement request is because I am not a primary plan. And we argue elsewhere in our brief when we get into the exhaustion of remedies and the exceptions to exhaustion of remedies. That legal issue, whether we're a primary plan, I can stand before you today and say with 100 percent certainty, we know what the outcome of the appeal process is. Right, and then you can seek judicial review of that final decision of the agency. And we submit that based upon the cases we cited, we shouldn't have to. No, but those are cases about where there is no way to get the decision of the agency, not that you anticipate you won't like the decision of the agency. Those are cases that say, and the D.C. Circuit's decision makes a lot of sense. Like, look, the whole premise of saying you have to present the claim to the agency presupposes there is a way to present the claim to the agency. If there is literally no way to present the claim to the agency, you don't have to. But you can't get around exhaustion just by saying, well, it's going to be annoying, and I feel like I already know what they're going to say anyway, so I don't have to. Well, there's two ways, Your Honor. One, I would say that this court has recognized that issues of statutory construction could be an exception to exhaustion. This case and the claim about whether we're a primary plan or an applicable plan is a matter of statutory construction. Finally, I know I'm out of time, but just bear with me. Listen to what my colleague said about why the California case was different. The California case was different, he says, because at the time, there was no appeal process for challenging the secondary payment request by the government. With respect to Section 111 reporting, we are in the exact same position in this case. There is no appeal process. That rulemaking is not complete. All right. Thank you, Mr. Blake. Thank you. And thank both of you for your good arguments today. They were illuminating, and we appreciate it.
judges: Stephanie D. Thacker, Toby J. Heytens, Lydia Kay Griggsby